CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

February 26, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **PAULO VICENTE DIEFFENBACHER,** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | Civil Action No.: 7:24-CV-00057 |
| ) | |
| **v.** ) | |
| ) | |
| **ERIC YOUNG, et al.,** ) | By: Hon. Robert S. Ballou |
| ) | United States District Judge |
| ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

## MEMORANDUM OPINION

Plaintiff Paulo Dieffenbacher, a Virginia inmate acting *pro se*, has filed a civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Eric Young, Lori Nicholson, David Bauguess, Robyn Marshall, Powell Bostich, and Paul Thompson, who are all corrections officers at Middle River Regional Jail. Diffenbacher claims that Defendants caused the delay of his transfer from Middle River Regional Jail to the Department of Corrections. Dieffenbacher alleges that this delay unconstitutionally deprived him of the ability to earn good time credits and caused him to incur $3.00 per day room and board fees. Dkt. 24 at 4. The Court granted Defendants' motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failing to state a claim. Diffenbacher has replead his claims in an Amended Complaint[1] to which Defendants again filed

---

[1] Plaintiff's Amended Complaint (Dkt. 24) did not include the exhibits attached to his original Complaint (Dkt. 1). While a plaintiff's amended complaint generally supersedes his original complaint, I will consider the exhibits attached to the original complaint, in deference to the plaintiff's *pro se* status. *Holley v. Combs*, 134 F.4th 142, 144 (4th Cir. 2025); *see also*, *Goines v.*

a motion to dismiss for failure to state a claim. Dkts. 25–26. Because Dieffenbacher has again failed to allege sufficient facts that his constitutional rights were violated or that any of the named defendants did anything to violate his rights, the Court will again **GRANT** Defendants' Motion to Dismiss.

## I. Background

"[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Construing the Amended Complaint in this manner, Dieffenbacher alleges the following facts giving rise to his claims.

A detailed summary of the facts is laid out in this Court's prior opinion granting Defendants' first motion to dismiss. *See* Dkt. 22 at 1–5. Restated briefly, Dieffenbacher was confined to the Middle River Regional Jail awaiting sentencing during the relevant events. Dkt. 1-1 at 1. He retained attorney David Hargett to investigate grounds for appeal and hoped to retain him for representation at sentencing. *Id*. Hargett asked that Dieffenbacher send him a copy of his trial transcript. *Id*. Dieffenbacher possessed a copy of the trial transcript, which was over 200 pages long and cost $1,200 to obtain. *Id*. at 2. On November 7, 2022, Dieffenbacher first contacted the mailroom for advice on how to mail the transcript to Hargett. *Id*. Defendant Bauguess informed him, through electronic messages, that he would need to divide the transcript into separate white legal envelopes that did not weigh more than ten ounces each. *Id*. at 2–3.

On December 13, 2022, Dieffenbacher contacted Defendant Marshall to challenge the direction from Bauguess that he would have to send the transcript in separate envelopes

---

*Valley Community Services Board*, 822 F.3d 159, 166 (4th Cir. 2016) (holding that courts may consider documents explicitly incorporated by reference or otherwise integral to the complaint).

weighing ten ounces or less. *Id*. at 9. On December 16, 2022, Marshall suggested that Dieffenbacher's attorney obtain a copy of the transcript from the court, as the mailroom could not send it out in a single mailing. *Id*. at 10. On December 19, 2022, Dieffenbacher responded that Hargett could not pick up the transcript from the court and asked to speak to Marshall in person. *Id*. Later that day, at an in-person meeting between Marshall and Dieffenbacher, Marshall agreed to make a copy of the transcript and have it ready for pickup on December 21, 2022, by Dieffenbacher's friend, Josiah Driver. *Id*. at 11. On December 21, 2022, Dieffenbacher had not heard from Marshall, and asked Defendants Bostich, Thompson, and Smith to remind Marshall to come see him. *Id*. at 12–13. Bostich and Thompson could not locate Marshall. *Id*. Defendant Smith related that she spoke to Marshall, and that Marshall planned to come see Dieffenbacher, but Marshall did not show up with the transcript copy that day. *Id*. at 13. The next day, Marshall informed Dieffenbacher that she was not allowed to make a copy of the transcript, nor include his handwritten legal notes in the mailing. *Id*. at 13–14. Marshall also refused to allow Dieffenbacher to seal his own mail. *Id*. at 14.

On December 27, 2022, Dieffenbacher contacted the Augusta County Clerk's office to inform them that he was finally able to mail out the transcript on December 22, 2022, and that Hargett would need time to review it before the sentencing hearing. *Id*. at 8. Due to the delay, Dieffenbacher requested a continuance of the sentencing hearing, which was scheduled for January 27, 2023. *Id*. at 15. On January 5, 2023, August County Circuit Court Judge W. Chapman Goodwin informed Dieffenbacher that his sentencing hearing had been continued until March 17, 2023, and that Michael Hallahan had been appointed to represent him. *Id*. at 25. Hallahan ultimately represented him at the sentencing hearing. *See* Dkt 22 at 4.

In his original complaint, Dieffenbacher brought a civil rights action alleging violations of his right to attorney client privilege, the Fifth Amendment, and the First Amendment. Dkt. 1 at 2. This Court dismissed Dieffenbacher's complaint finding that he failed to state a claim for which relief can be granted and allowed leave to file an amended complaint. Dkt. 22. In his Amended Complaint, Dieffenbacher does not include additional relevant[2] facts, but asserts two new claims arising out of the same set of facts. In Claim 1, Dieffenbacher contends that because he had to wait 46 days to mail his trial transcript to his appellate attorney, his sentencing hearing was continued from January 27, 2023, to March 17, 2023. Dkt. 1-1 at 25. As a result of this continuance, Dieffenbacher spent nearly two extra months in Middle River Regional Jail before being transferred to the Department of Corrections after sentencing. Dkt. 24 at 4. Dieffenbacher alleges that this delay caused him constitutional injury for two reasons. This delay "caused him to spend unnecessary time in a state institution without the 'good time clock' starting," which improperly "added nearly two months extra to petitioner's sentence."[3] *Id*. In Claim 2, Dieffenbacher maintains that, "[t]he nearly two extra months that petitioner had to spend at the jail, due to the delay by staff, was additional time that the three dollar daily fee was charged to petitioner's account." *Id*. In short, Dieffenbacher alleges that he should have been transferred to the Department of Corrections sooner, and the delay in transfer violated his constitutional rights. Construing these claims liberally, Dieffenbacher alleges that denial of the ability to earn good

---

[2] Dieffenbacher attached his response to Defendants' original motion to dismiss (Dkt. 19) to the Amended Complaint. Construing the Amended Complaint to include attachments, Dieffenbacher alleges one additional fact. Dieffenbacher relates that on December 19, 2022, Lt. Marshall contradicted Bauguess's earlier claim that there was not a scale in the mailroom. Dkt. 24-1 at 7. Because this fact is immaterial to Martin's original and current claims, the Court will not address it in this opinion.

[3] In his response brief, Dieffenbacher notes that the denial of good time credits added 12 days to his sentence, not two months. Dkt. 30 at 3. Defendants argue that the delay added, at most, 8 days to Dieffenbacher's sentence. Dkt. 26 at 4.

time credits violated his due process rights under the Fourteenth Amendment, and imposition of room and board fines violated his right to due process and equal protection under the Fourteenth Amendment and the right to be free from excessive fines and cruel and unusual punishment under the Eighth Amendment.

## II. Standard of Review

A Rule 12(b)(6) motion to dismiss "tests the sufficiency of a complaint." *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). To survive dismissal, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when the plaintiff's allegations "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A complaint that offers bare labels and conclusions will not suffice. *Id.* Although a complaint filed by a *pro se* litigant must be construed liberally, it "still must contain enough facts to state a claim for relief that is plausible on its face." *Thomas v. Salvation Army S. Terr.*, 841 F.3d 632, 637 (4th Cir. 2016) (internal quotation marks omitted).

## III. Discussion

To state a claim under § 1983, a plaintiff must allege both (1) "the violation of a right secured by the Constitution and laws of the United States" and (2) "that the alleged deprivation was committed by a person acting under color of state law." *Crosby v. City of Gastonia*, 635 F.3d 634, 639 (4th Cir. 2011) (quoting *West v. Atkins*, 487 U.S. 42, 48 (1988)). Having reviewed the Amended Complaint, I conclude that it fails to state a plausible claim for relief under § 1983 against any of the named defendants.

A. <u>Proper Claim for Denial of Ability to Earn Good Time Credits</u>

The threshold issue in this case is whether Dieffenbacher's claim that he was denied the ability to earn good time credits is properly analyzed under the federal habeas statute, 28 U.S.C. § 2254(b), or as a civil rights action under § 1983. If the success of the plaintiff's action "would necessarily demonstrate the invalidity of confinement or its duration," the claim must be brought under habeas corpus. *Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005). Otherwise, regardless of the relief sought, the claim may be brought under § 1983. Habeas corpus is the appropriate remedy when the plaintiff seeks restoration of good time credits, "[e]ven if the restoration of the respondents' credits would not have resulted in immediate release, but only in shortening the length of their actual confinement in prison." *Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973). However, "the mere possibility that [the defendant] might have earned more credits qualifying [the defendant] for an earlier release does not equate to a guarantee that he would have obtained a speedier release." *Gaskins v. Johnson*, 443 F. Supp. 2d 800, 804 (E.D. Va. 2006); *see also Watson v. Clarke*, No. 7:21-CV-00049, 2021 WL 439935, at *1 (W.D. Va. Feb. 8, 2021) (finding that a due process challenge premised on denial of the opportunity to earn good time credits states a claim under § 1983, not habeas corpus). Further, if the plaintiff's claim merely challenges the procedures by which good time credits are calculated, the claim is cognizable under § 1983. *Heck v. Humphrey*, 512 U.S. 477, 482–83 (1994).

Dieffenbacher's claim is properly brought as a civil rights action under § 1983. Dieffenbacher does not seek restoration of good time credits. Rather, as in *Gaskins*, he alleges that he was deprived of the ability to earn good time credits. Specifically, Dieffenbacher alleges that "[d]ue to Middle River Regional Jail (MRRJ) staffs [sic] negligence and delay (46 days) in getting petitioner's legal mail sent out . . . petitioner had to continue his sentencing hearing, which in turn caused him to spend unnecessary time in a state institution without the 'good time'

6

clock starting." Dkt. 24 at 4. If Dieffenbacher succeeds on his claim, he would not be entitled to additional good time credits. The delay in transfer did not extend the length of his sentence. "[T]he mere possibility that he might have earned more credits qualifying him for an earlier release does not equate to a guarantee that he would have obtained earlier release." *Gaskins*, 443 F. Supp. 2d at 804. Because success on his due process claim would not necessarily affect the fact or duration of his sentence, Dieffenbacher's claim is properly asserted under § 1983.

    B.  Good Time Credits

Even construing the Amended Complaint broadly, Dieffenbacher fails to state a claim plausibly alleging that denial of the ability to earn good time credits deprived him of liberty or property in violation of the Fourteenth Amendment Due Process clause. To state a claim for a violation of due process, Dieffenbacher must "(1) identify a protected liberty or property interest and (2) demonstrate deprivation of that interest without due process of law." *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015). Liberty interests may be established by either the Due Process Clause itself or state law or policy. *Wilkinson v. Austin*, 545 U.S. 209, 221–22 (2005). The Constitution does not provide a liberty interest in good time credits. *Wolff v. McDonnell*, 418 U.S. 539, 557 (1974).

In determining whether state law creates a liberty interest in good time credits, courts in the Fourth Circuit have distinguished between loss of already-earned good time credits and loss of the opportunity to earn good time credits. "When a loss of already-earned statutory good-time credits is at issue, the Supreme Court has mandated procedural safeguards, including advance written notice of charges, written findings, and a general right to call witnesses." *Gaskins*, 443 F. Supp. 2d at 805. When only the opportunity to earn good time credits is at issue, courts in the Fourth Circuit have held that Virginia prisoners have no protected liberty interest in a particular

7

good time credit earning rate or classification. *Id.*; *see also*, *West v. Angelone*, 165 F.3d 22, *1 (4th Cir. 1998) (unpublished table decision); *Spratley v. Mabrey*, No. 7:19-CV-00837, 2021 WL 504829 at *3 (W.D. Va. Feb. 10, 2021). More generally, prisoners have no liberty interest in being housed in a particular prison, even if the conditions of confinement vary between prisons. *Meachum v. Fano*, 427 U.S. 215, 224 (1976). "[H]ousing [an inmate] in a local jail for a time does not implicate his due process rights." *Witcher v. Roanoke City Jail*, No. 7:08-CV-00304, 2008 WL 1927314, at *1 (W.D. Va. May 1, 2008).

Dieffenbacher alleges violations of due process arising out of the transfer delay and his inability to earn good time credits while incarcerated at Middle River Regional Jail. There is no protected liberty interest in the ability to earn good time credits. Further, there is no liberty interest in being housed in a particular prison. Therefore, the Amended Complaint fails to state a claim for violation of his Fourteenth Amendment due process right.

C.  Room and Board Fines

Dieffenbacher also fails to state a claim that the $3.00 per day room and board fee violates his constitutional rights. Courts in the Fourth Circuit have routinely concluded that imposition of nominal, daily fees on inmates housed in state or local jails to defray the costs of incarceration is not a constitutional violation. *See Slade v. Hampton Roads Regl. Jail*, 407 F.3d 243, 250–55 (4th Cir. 2005) (finding no constitutional claim under the Fifth, Eighth, or Fourteenth Amendments for charging a pretrial detainee for room and board); *Witcher*, 2008 WL 1927314, at *1 (fee of $1.00 per day to be housed at the local jail did not violate the Eighth or Fourteenth Amendments); *Waters v. Bass*, 304 F. Supp. 2d 802, 806–12 (E.D. Va. 2004) (same); *Gray v. Stolle*, No. 3:11CV546, 2013 WL 4430915, at *5 (E.D. Va. Aug. 16, 2013) ("charging inmates [$3.00 a day] for room and board to defray costs of incarceration fails to state an

actionable constitutional claim under the Eighth or Fourteenth Amendments"); *Turner v. Smith*, No. 1:12CV432, 2012 WL 1571322, at *3 (E.D. Va. May 2, 2012) (dismissing plaintiff's claim because "the one-dollar room and board fee about which plaintiff complains does not constitute an issue of constitutional dimension"). Therefore, Dieffenbacher fails to plausibly assert that imposition of $3.00 daily fees for two months before his transfer from the Middle River Regional Jail to the Department of Corrections violates his constitutional rights.

D.  Personal Involvement

Defendants argue that the Amended Complaint does not personally identify conduct by any individual defendant. Dkt. 26 at 2–3. Although the Court construes the Amended Complaint broadly to include attachments to the original complaint, I agree that Dieffenbacher has failed to plausibly allege personal involvement by any defendants other than Marshall and Bauguess in the events which he claims lead to the delay in his sentencing. In a civil rights action under 42 U.S.C. § 1983, each government official "is only liable for his or her own misconduct." *Iqbal*, 556 U.S. at 677. "Liability is thus determined person by person: A plaintiff must show 'each Government official defendant, through the official's own individual actions, has violated the Constitution.'" *King v. Riley*, 76 F.4th 259, 269 (4th Cir. 2023). "Importantly, mere knowledge of such a deprivation does not suffice." *Williamson v. Stirling*, 912 F.3d 154, 171 (4th Cir. 2018) (citing *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985)). Because there is no indication that defendants Bostich, Thompson, Young, and Nicholson personally acted to delay Dieffenbacher's mailings, or were otherwise personally involved in any alleged violation of Dieffenbacher's constitutional rights, the claims against them must be dismissed. Although Dieffenbacher plausibly alleges that Marshall and Bauguess were personally involved in the events underlying

9

his claims, he fails to state a claim for relief against them because, as discussed above, the injury asserted does not rise to the level of constitutional injury.

## IV. Conclusion

For the reasons stated herein, Dieffenbacher's Amended Complaint, even liberally construed, fails to state a claim upon which relief may be granted. Therefore, I will **GRANT** Defendants' motion to dismiss (Dkt. 25) and dismiss the Amended Complaint with prejudice.

An appropriate Order shall follow.

It is so **ORDERED**.

Entered: February 26, 2026

*Robert S. Ballou*

Robert S. Ballou
United States District Judge